IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

JOHN MICHAEL FISH,

        **Plaintiff,**

v.                              **CIVIL ACTION NO.: 5:21CV182**
                                         **(BAILEY)**

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

        **Defendant.**

## REPORT AND RECOMMENDATION

## I.    Introduction

This action arises out of the denial of Plaintiff's application for Social Security Disability Insurance and Supplemental Security Income under Title II and Title XVI of the Social Security Act. After Plaintiff's application proceeded through the administrative process, United States Administrative Law Judge, Nikki Hall ("ALJ") concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff's request for review by Appeals Council was denied, making the ALJ's decision the final decision of the Defendant. Plaintiff seeks judicial review of the ALJ's decision.

The undersigned has considered the parties' briefs and the record on appeal. The facts and legal arguments have been adequately presented. Accordingly, the decisional process would not be significantly aided by oral argument. After considering the parties' briefs, the Administrative Record, and the applicable law, the undersigned would conclude that substantial evidence supports the ALJ's decision. Accordingly, the undersigned would **RECOMMEND** that Plaintiff's Motion

for Summary Judgment be **DENIED**, and that Defendant's Motion for Summary Judgment be **GRANTED**.

## II.      Factual/Procedural History

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on February 11, 2019.  Plaintiff filed a Title XVI application for supplemental security income on the same date.  R. 15.  Plaintiff's application was denied initially and upon reconsideration. R. 15.  Plaintiff requested and was afforded a hearing before an ALJ, which took place on April 13, 2021, by telephone (due to the COVID-19 pandemic).  R. 15; 43-84.  Following the hearing, the ALJ determined that Plaintiff was not disabled with the meaning of the Social Security Act.  Plaintiff sought relief with the Appeals Council, which denied Plaintiff's request for re-hearing, making the ALJ's decision the Final Decision of the Social Security Commissioner. R. 1-6.

Plaintiff filed the instant action on October 19, 2021.  ECF No. 1.  Defendant filed an Answer to Plaintiff's Complaint on January 14, 2022.  ECF No. 8.  On the same date, Defendant filed a copy of the Administrative Record.  ECF Nos. 9, 10, and 11.[1]  Plaintiff filed her Motion for Summary Judgment on February 21, 2022.  ECF No. 16.  Defendant filed her Motion for Summary Judgment on March 21, 2022.  ECF No. 18.

## III.    ALJ Decision

### A.  The Five-Step Evaluation Process

In determining whether Plaintiff is disabled, an ALJ must follow the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.  The first step in the process is to determine whether a claimant is currently engaged in substantial gainful activity.  § 404.1520(b).  If the

---

[1] After leave was granted, additional parts of the Administrative Record were filed on April 8, 2022.  ECF No. 22.

claimant is not engaged in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe.   § 404.1520(c).   If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").   § 404.1520(d).   If the impairment meets or equals a listed impairment, the claimant is disabled.  *Id.*   However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (hereinafter "RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments.  § 404.1520(e).  After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of past relevant work.  § 404.1520(f).  If the claimant does not have the RFC to do past relevant work, then they have established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's age, education, and work experiences.  § 404.1520(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

**B.  ALJ Findings**

Initially, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020.  R. 17.  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 21, 2015, the alleged onset date.  R. 17.  The ALJ further determined that Plaintiff has the following severe impairments: degenerative changes

of the lumbar spine without spinal stenosis but with radiculopathy; status-post right L5-S1

decompression with herniated nucleus pulposis; and mild lower cervical degenerative disc disease

with uncovertebral facet osteophytes contributing to multilevel mild-moderate neural foraminal

stenosis with radiculopathy.  R. 17-18.  At step three of the analysis, the ALJ determined that

Plaintiff does not have an impairment or combination of impairments that meets or medically

equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1

(20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  At step four, the

ALJ found that Plaintiff has the following residual functional capacity ("RFC"):

> [t]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except:
> no climbing ladders, ropes, or scaffolds and limited to performing other postural
> movements occasionally; work should not require exposure to hazards, such as
> unprotected heights or dangerous unshielded moving mechanical parts; work
> should not require greater than occasional pushing and/or pulling with the left lower
> extremity; work should not require operation of foot controls; work should not
> require greater than occasional exposure to concentrated levels of extreme
> vibrations; work should not have fast-paced production requirements, such as fast-
> paced assembly line work or high volume piecemeal quotas; work should consist
> of tasks that take no more than 6 months to learn; work should be situated in a
> location that provides access to restrooms (i.e. restroom facilities should be located
> in the same building and/or general vicinity of the work place); and work should
> not require greater than occasional overhead reaching.

R. 23.  At step five, the ALJ determined that Plaintiff is unable to perform any past relevant work.

Considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ

determined that there are jobs that exist in significant numbers in the national economy that the

Plaintiff could perform.  R. 26.  Therefore, the ALJ concluded that Plaintiff is not disabled.  R. 27.

## IV.     Motions for Summary Judgment

### A.     Arguments of the Parties

#### 1.     Plaintiff's Arguments

Plaintiff argues that substantial evidence does not support the ALJ's RFC assessment, and that errors committed by the ALJ vis-à-vis the evaluation of Plaintiff's symptoms, compel reversal. Plaintiff also contends that the ALJ's decision must be reversed because the ALJ's and the Appeals Council Judges' authority to issue such a decision is defective inasmuch as it was derived from Andrew Saul, whose appointment was defective pursuant to *Seila Law LLC v. CFPB*, 140 S.Ct. 2183 (Jun. 20, 2020).

#### 2.     Defendant's Arguments

Defendant argues that the ALJ's decision is supported by substantial evidence; the ALJ did not commit any errors in her evaluation of Plaintiff's claimed symptoms; and Plaintiff's constitutional challenge to the ALJ's decision is without merit.

### B.     The Standards

#### 1.     Summary Judgment

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

#### 2.     Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or

considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988)

(internal citations and quotations omitted).  "If there is evidence to justify a refusal to direct a

verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368

F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker

Disability Plan v. Nord*, 538 U.S. 822 (2003).

### C.    Discussion

#### 1.    Substantial Evidence Supports the ALJ's RFC Determination

Plaintiff first argues that the ALJ's RFC determination is not supported by substantial

evidence because the record is not well-developed.  Specifically, Plaintiff argues that the ALJ

should have obtained a consultive examination but failed to do so.  This argument is not persuasive.

The record in this case is approximately 2000 pages long.  It is difficult to understand how such a

voluminous documentary record could be described as having "relative paucity."  ECF No. 16 at

p. 8.  To the extent that Plaintiff contends that the record was not well-developed because it lacked

opinion evidence, this argument is also not persuasive.  The record does in fact contain expert

opinions, and the ALJ considered the same when formulating Plaintiff's RFC.  R. 25-26;

Plaintiff next asserts that the ALJ's RFC assessment did not include a function-by-function

analysis as required by SSR 96-8p, and that this matter must be remanded as a result.  Specifically,

Plaintiff argues that the ALJ "failed to make any findings as to the maximum amount of time

Plaintiff could sit, stand, or walk."  ECF No. 16 at p. 10.  This argument is without merit.  The

ALJ acknowledged and found prior administrative findings to be persuasive, noting that Plaintiff:

> remained capable of light exertional work, lifting and carrying 20 pounds
> occasionally and 10 pounds frequently, standing and walking about six hours out
> of an eight-hour workday, and sitting about six hours out of an eight-hour workday.
> [Further, that Plaintiff] had normal strength in his bilateral upper extremities, so he

> is capable of lifting and carrying 20 pounds occasionally and ten pounds frequently.
> He generally had a normal gait, which indicates that he is capable of standing and
> walking for most of the day...noting that "[t]he major difference between sedentary
> and light work is that most light jobs – particularly those at the unskilled level of
> complexity – require a person to be standing or walking most of the workday."

R. 25.  Clearly, the ALJ's opinion did set forth an analysis of the maximum time Plaintiff could be

sitting, standing, and walking throughout the workday.

Assuming *arguendo* that the ALJ's opinion does not contain an adequate function-by-

function analysis, the undersigned is nevertheless satisfied that remand is not required because the

ALJ provided a detailed narrative explanation in support of the RFC finding, which left little doubt

as to the basis upon which the ALJ made her decision.  *See Mascio v. Colvin,* 780 F.3d 632, 636

(4th Cir. 2015) (holding that remand may be appropriate "where an ALJ fails to assess a claimant's

capacity to perform relevant functions, despite contradictory evidence in the record, or where other

inadequacies in the ALJ's analysis frustrate meaningful review").  *See also Nelson v. Astrue*, 2012

WL 3555409, at *10 (E.D. Va. Jul. 31, 2012) (a narrative discussion of the record is sufficient for

purposes of SSR 96-8).  Indeed, the ALJ's explanation encompassed approximately four (4) pages

and fourteen (14) single-spaced paragraphs wherein the ALJ addressed Plaintiff's impairments,

the medical treatment he has received for the same, and their impact upon his ability to function

in a work-setting.  R. 23-26.

Plaintiff next argues that the ALJ failed to adequately address Plaintiff's morbid obesity

while formulating the RFC.  This argument is also without merit.  At page 5 of the ALJ's opinion,

the ALJ addressed Plaintiff's obesity and its potential impact upon Plaintiff's physical

functionality.  R. 19.  In particular, the ALJ noted that: (1) Plaintiff's body mass index was

approaching 40, (2) that "[n]o specific weight or BMI establishes obesity as a 'severe' or 'not

severe' impairment," and (3) that she (the ALJ) had a duty to "perform [an] individualized

assessment of the effect of obesity on a person's functioning." Ultimately, the ALJ concluded that

Plaintiff's obesity did not cause or contribute to any functional limitations. R. 19. In so finding,

the ALJ explained that there was no evidence of significant abnormalities of gait or strength, and

that Plaintiff had no significant limitations with the use of his hands. R. 19. The undersigned

would further note that Plaintiff has not set forth any evidence which contradicts the ALJ's finding

in this respect.

### 2. The ALJ's Subjective Symptom Evaluation is Supported by Substantial Evidence

Plaintiff first argues that the ALJ used the incorrect standard to evaluate whether Plaintiff's

complaints regarding his symptoms were credible. Plaintiff points to the ALJ's finding that

Plaintiff's symptoms "are not entirely consistent with the medical evidence and other evidence in

the record." ECF No. 16, at p. 12; R. 25. Plaintiff argues that the ALJ's use of the word "entirely"

unfairly raised the standard of evaluation. Plaintiff maintains that the appropriate standard is

whether and to what extent Plaintiff's symptoms can <u>reasonably</u> be accepted as consistent with the

objective medical evidence and other evidence of record. ECF No. 16, at p. 12. *See also* SSR 16-

3p. After considering the ALJ's opinion in conjunction with the Administrative Record, the

undersigned is satisfied that the ALJ's use of the word "entirely" did not signal the standard by

which the ALJ conducted a subjective symptom evaluation.

While discussing her findings vis-à-vis the subjective symptom evaluation, the ALJ did not

utilize exacting or demanding terms, as would be implied through the use of "entirely." Rather,

the ALJ used terms such as "suggest," "generally," and "not persuasive." R. 25-26. Such verbiage

is more indicative of a 'reasonableness' standard rather than a standard requiring complete

consistency. The use of such verbiage is not wholly unheard of, either. *See Dyer v. Saul*, 2:20-

cv-00402, 2021 WL 3610482, at *13-14 (S.D. W.Va. Jan. 20, 2021) (affirming ALJ's

determination that claimant's "statements about the intensity, persistence, and limiting effects of

his symptoms were not entirely consistent with the medical evidence and other evidence in the

record"); *Hansen v. Kijakazi*, 4:20-cv-02367, 2021 WL 4621931, at *5 (S.D.S.C. Oct. 7, 2021)

(affirming ALJ's decision that found plaintiff's statements about the intensity, persistence, and

limiting effects of the reported symptoms were not entirely consistent with the evidence).

　　Moreover, the specific findings at issue do not suggest that the ALJ rejected Plaintiff's

complaints because they were not 'completely' or 'entirely' consistent with the evidence of record.

Stated another way, the ALJ does not appear to have made findings unfavorable to Plaintiff merely

because of some small or slight difference between Plaintiff's symptomatic complaints and the

medical evidence of record.　Rather, the ALJ's opinion draws broad distinctions between

Plaintiff's symptomatic complaints and the general evidence of record.　For example, the ALJ

notes that, while Plaintiff has significant abnormalities in his lumbar spine and cervical spine, and

while he underwent surgery and physical therapy for the same, generally, he was not noted to be

in any acute distress during office visits with his treatment provider. R. 25.　The ALJ further noted

that, despite Plaintiff's symptomatic complaints, evidence indicates that Plaintiff possesses a

generally normal gait and normal grip strength in the upper and lower extremities, indicative of

Plaintiff having retained significant use of his upper and lower extremities. R. 25.　The ALJ cites

the following documents within the Administrative Record to support her conclusions: Exhibits

6F, 27F, 32F, 41F, 42F, and 45F.　A review of these records confirms the ALJ's findings.

　　Plaintiff next contends that the ALJ failed to explain the significance of these findings.

This is not true.　At R. 25, the ALJ specifically tied these findings to Plaintiff's functional

capabilities, explaining that, despite the medical evidence of record which supported Plaintiff's

conditions and need for medical intervention, Plaintiff nevertheless is functionally capable of

performing certain activities of daily work and living.  *See* R. 25 ("[t]hese findings indicate that, despite experiencing some pain, the claimant retains significant use of the upper extremities and lower extremities for activities such as lifting and carrying, standing, and walking….Again, the evidence indicates that the claimant retains significant use of the upper extremities and lower extremities for activities such as lifting and carrying, standing, and walking").

Plaintiff further argues that the ALJ did not address why he disbelieved the extent of Plaintiff's pain allegations.  ECF No. 16 at p. 13.  This is incorrect.  At R. 25-26, the ALJ explained why he did not find Plaintiff's claims of pain entirely credible: "the evidence indicates that the claimant retains significant use of the upper extremities and lower extremities for activities such as lifting and carrying, standing, and walking."  At R. 23-24, the ALJ elaborates on this evidence, specifically noting, among other things, that Plaintiff reported good relief of preoperative symptoms after a surgery in November 2019.  The ALJ further noted that, in December 2020, Plaintiff denied back pain, gait problems, or joint swelling.  R. 24.[2]  A review of the record confirms the ALJ's findings.

Plaintiff argues that the mere fact of his substantiated treatment, i.e. his surgeries, is indicative that his complaints of pain are credible.  This is not the relevant standard of inquiry, however.  As the parties are aware, an ALJ must evaluate a claimant's complaints of pain intensity and persistence against the evidence in the record.  *Johnson v. Barnhart*, 434 F.3d 650, 657 (4ᵗʰ Cir. 2005) ("[s]ubjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant") citing *Craig v. Chater*, 76 F.3d 585, 591 (4ᵗʰ Cir. 2005).  Here, the ALJ did just that.  *See* R. 23-26.

---

[2] This is not the only evidence cited by the ALJ but is merely representative of evidence cited within the ALJ's opinion.

Plaintiff cites *Scrogham v. Colvin*, 765 F.3d 385 (7ᵗʰ Cir. 2014) and *Carradine v. Barnhart*, 360 F.3d 751 (7ᵗʰ Cir. 2004) to support her position that Plaintiff's medical treatment demonstrates that Plaintiff's complaints of pain are credible. While these cases are compelling, they are not on point with the instant matter. Neither case appears to have involved a plaintiff that reported relief after any procedure. Further, there does not appear to have been any evidence in the record to contradict either Mr. Scrogham's or Ms. Carradine's complaints of pain. That is not the case here.

Plaintiff next contends that the ALJ errantly relied upon her own inferences from the medical record to determine Plaintiff's RFC. Plaintiff relies upon *Combs v. Berryhill*, 878 F.3d 642 (8ᵗʰ Cir. 2017) to support this argument. This argument is not persuasive, however. In *Combs v. Berryhill*, the ALJ relied upon his own interpretations of doctors' notes to decide a conflict in expert evidence. *Id.* at 646 ("Combs' dispute centers on how the ALJ decided which opinion to credit"). The *Combs* court concluded that, rather than rely upon his interpretation of what "no acute distress" meant, the ALJ should have developed the record vis-à-vis the experts' opinions in order to decide the weight to assign to each. *Id.* at 647. Here, the ALJ did not interpret "no acute distress" to settle a conflict in expert evidence. Rather, the ALJ noted a finding in the medical evidence of record when conducting a subjective symptom evaluation, something which is an integral part of the ALJ's function. *See* SSR 16-3p. *See also Mickles v. Shalala*, 29 F.3d 918, 919 (4ᵗʰ Cir. 1994) ("[s]ubject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility determinations").

### 3.    Plaintiff's Constitutional Challenge is Without Merit

Plaintiff next argues that this matter should be remanded because the ALJ was without constitutional authority to make Plaintiff's disability determination. The undersigned is not persuaded by this argument.

Initially, the undersigned notes that Plaintiff did not raise this constitutional challenge within her Complaint, and it is therefore procedurally improper. *See* ECF No. 1.   Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Plaintiff failed to do so in this instance.   The decision upon which Plaintiff relies to make this claim, *Sheila Law LLC v. Consumer Financial Protection Bureau*, 140 S.Ct. 2183 (2020), was issued on June 29, 2020. Plaintiff's Complaint was filed on October 19, 2021.   As a result, Plaintiff should have been aware of this basis at the time of the filing of his Complaint.   Consequently, and inasmuch as Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, this claim is not properly before the Court.

Notwithstanding the above, and assuming the claim is procedurally proper, the undersigned would nevertheless conclude that the same is without merit because Plaintiff has not demonstrated that he suffered any compensable harm. *See Collins v. Yellen*, 141 S.Ct. 1761, 1788-89 (2021) (remanding for further proceedings to determine whether plaintiff sustained compensable harm due to the President's inability to remove a Director of the Federal Housing Finance Agency except for cause).   Indeed, Plaintiff is unlikely to be able to make such a demonstration. *See Collins v. Yellen*, 141 S.Ct. 1761, 1802 (2021).[3]   Courts across the country have uniformly concluded that the allegedly unconstitutional nature of 42 U.S.C. § 902(a)(3) does not require remand. *See e.g. Katrina v. Commissioner of Social Security,* 2022 WL 190055, at *5 (S.D. Ohio Jan. 21, 2022); *Crawford v. Commissioner of Social Security,* No. 2:21-cv-726, 2021 WL 5917130, at *8 (S.D. Ohio Dec. 14, 2021); *Rhouma v. Comm'r of Soc. Sec.*, No. 4:20-cv-2823, 2021 WL 5882671, at

---

[3] "[G]iven the majority's remedial analysis, I doubt the mass of SSA decisions – which would not concern the President at all – would need to be undone….When an agency decision would not capture a President's attention, his removal authority could not make a difference." *Collins v. Yellen*, 141 S.Ct. 1761, 1802 (2021).

\*11 (N.D. Ohio Dec. 13, 2021); *Lisa Y. v. Comm'r of Soc. Sec.*, \_\_\_\_ F.Supp. 3d \_\_\_\_, C21-5207-BAT, 2021 WL 5177363, at \*5 (W.D. Wash. Nov. 8, 2021); *Robinson v. Kijakazi*, No. 1:20-cv-00358-KDB, 2021 WL 4998397, at \*3 (W.D.N.C. Oct. 27, 2021); *Alice T. v. Comm'r Soc. Sec.*, No. 8:21-cv-14, 2021 WL 5302141, at \*18 (D. Neb. Nov. 15, 2021); *Standifird v. Comm'r of Soc. Sec.*, No. 20-cv-1630-GPC(BLM), 2020 WL 5634177, at \*3 (S.D. Cal. Dec. 1, 2021).   The undersigned would agree.

## V.       Recommendation

Substantial evidence supports the ALJ's decision.  Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's **Motion [16] for Summary Judgment be DENIED**.  The undersigned would further **RECOMMEND** that **Defendant's Motion [18] for Summary Judgment be GRANTED**.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

**A copy of such objections should be submitted to the District Judge of Record.** **Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1);** *Wright v. Collins***, 766 F.2d 841, 845-48 (4th Cir. 1985);** *United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984),** *cert. denied***, 467 U.S. 1208 (1984);** *see also Thomas v. Arn***, 474 U.S. 140, 155 (1985).**

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.   The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 26th day of April, 2022.

/s/ James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE