IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JOHN MICHAEL FISH,**

    Plaintiff,

v.             **CIVIL ACTION No. 5:21-CV-182**
                 Judge Bailey

**KILOLO KIJAKAZI,** Commissioner of
Social Security,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge James P. Mazzone [Doc. 23]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 26, 2022, wherein he recommends that Plaintiff's Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings [Doc. 16] be denied and Defendant's Brief in Support of Motion for Summary Judgment [Doc. 18] be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes

1

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989);  **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Having filed no objections within that time frame, plaintiff has waived her right to both *de novo* review and to appeal this Court's Order pursuant to 28 U.S.C. § 636(b)(1). Consequently, the R&R will be reviewed for clear error. Having reviewed the R&R for clear error, it is the opinion of this Court that the Report and Recommendation [**Doc. 23**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court further **ORDERS** that Plaintiff's Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings [**Doc. 16**] is **DENIED** and Defendant's Brief in Support of Motion for Summary Judgment [**Doc. 18**] is **GRANTED**.

The Clerk is hereby **DIRECTED** to **STRIKE** this case from the active docket of this Court and enter judgment in favor of defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: May 11, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**